[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action seeking to recover damages for personal injuries sustained while a patient in the Griffin Hospital. The plaintiff claims that the defendant Griffin Anesthesia Associates, P.C., and two of its employees, the defendant, Dr. Sawhney, and the defendant nurse anesthetist, negligently administered anesthesia resulting in the injuries alleged. The complaint does not allege any independent negligence on the part of the Griffin Hospital but the plaintiff asserts that vicarious liability may be imposed upon the hospital on the grounds that the other defendants are agents of the hospital.
The defendant Griffin Hospital has filed a motion for summary judgment asserting that, as a matter of law, an agency relationship does not exist between the hospital and other defendants and, therefore, the hospital is entitled to a judgment as a matter of law. The defendant Griffin Hospital has filed an affidavit, the agreement between Griffin Hospital and Griffin Anesthesia Associates, and written information provided by Griffin Anesthesia Associates to patients which the defendant claims supports its CT Page 315 position of nonliability.
It is true, as claimed by the defendant, that an actual agency relationship does not exist between the Griffin Hospital and Griffin Anesthesia Associates under the standard as set forth in such cases as Beckenstein v. Potter Carrier, Inc., 191 Conn. 120,132-34 (1983); see also Menzie v. Windham Community Memorial Hospital, 774 F. Sup. 91, 4-96 (D.Conn. 1991) (Dorsey, J.).
The plaintiff does not contend that an actual agency relationship exists but does assert that the hospital may be held liable under the doctrines of "Ostensible Agency, Apparent Agency and Agency by Estoppel". The plaintiff also contends the Court should recognize what the plaintiff terms a modern trend expanding the scope of hospital liability and cites, in support of her position, legal articles and such cases as Bing v. Tunig, 2 N.Y.2d 656,666 (1957) and Leconche v. Elligers, 4 Conn. L. Rptr. 373, 374 (1991) (Stengel, J.).
In the opinion of the court, it is not necessary to determine whether there is such a "modern trend" or whether, if such a trend exists, it would impose liability where none would otherwise exist.
"Apparent authority is that semblance of authority which a principal, through his own acts or inadvertence, causes or allows third persons to believe his agents possess. . . . Apparent authority thus must be determined by the acts of the principal rather than by the acts of the agent. . . . Furthermore, a party seeking to impose liability upon the principal must demonstrate that it acted in good faith based upon the actions or inadvertences of the principal." Beckenstein v. Potter Carrier, Inc., supra at 140-141 (internal quotations and citations omitted). Therefore, it is necessary for the court to determine what the Griffin Hospital did, or did not do, which might be sufficient to raise a question of fact concerning the existence of apparent authority.
The plaintiff has submitted an affidavit stating that she met with Dr. Sawhney (of Griffin Anesthesia Associates) and was advised that the doctor would be administering anesthesia. The plaintiff was never told that the doctor did not belong to the Griffin Hospital and she assumed that she did since the plaintiff did not know Dr. Sawhney or Griffin Anesthesia Associates and did not hire them for the operation. The plaintiff's affidavit also states that no one ever explained to her that Dr. Sawhney and her associates did not work for the Griffin Hospital nor did she receive any CT Page 316 material in the mail to contradict her understanding that Dr. Sawhney and her associates worked for the Griffin Hospital. From the materials submitted to the court there is no indication that the Griffin Hospital took any action to explain the nature of the relationship, or lack of relationship, between Griffin Hospital and Griffin Anesthesia Associates.
In support of its motion for summary judgment, the defendant has submitted written information that it claims was given to all surgical patients entitled "A Message to All Griffin Surgical Patients". The written material does indicate that the patient will be billed separately by Griffin Anesthesia Associates which it describes as a "private physician group affiliated with Griffin Hospital". The utilization of the word "affiliated" is not necessarily inconsistent with the existence of an agency relationship. The word "affiliated" is defined as "closely associated with another typically in a dependent or subordinate position". Webster's Ninth New Collegiate Dictionary (1987). See also, Muha v. United Oil Co., 180 Conn. 720, 727 n. 3 (1980).
"The issue of apparent authority is one of fact, requiring the trier of fact to evaluate the conduct of the parties in the light of all the surrounding circumstances. . . . Only in the clearest of circumstances, where no other conclusion could reasonably be reached, is the trier's determination of fact to be disturbed." Lettieri v. American Savings Bank, 182 Conn. 1, 9 (1980) (citations omitted). In the present case, the Griffin Hospital permitted Griffin Anesthesia Associates to deliver a "message" which, while dealing largely with billing and bookkeeping matters, did describe the relationship as "affiliated", which, as previously noted, is not inconsistent with an agency relationship. In addition, the hospital undertook no action to explain the nature of the relationship to the plaintiff. Under such circumstances, the court cannot say, as a matter of law, that the plaintiff's belief that Griffin Anesthesia Associates was a representative of the hospital is unjustified or unreasonable. Accordingly, the court holds a question of fact exists with respect to these issues and the motion for summary judgment is denied.
Rush, J. CT Page 317